# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, L.R., | Case No.:  CV 10-202-S-REB (lead case) |
| Plaintiffs, | |
| vs. | **ORDER** |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, A.R., | Case No.:  CV 10-203-S-REB |
| Plaintiffs, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |
| PHYLLIS REFF, on behalf of minor child, L.R., | Case No.:  CV 10-309-S-REB |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

**EXHIBIT**

**1**

|                                                                    | Case No.: CV 10-365-S-REB |
|--------------------------------------------------------------------|---------------------------|
| PHYLLIS REFF, on behalf of minor child, A.R.,                      |                           |
|     Plaintiff,                                 |                           |
|     vs.                                        |                           |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,                     |                           |
|     Defendant.                                 |                           |

Currently pending before the Court are Plaintiffs' Applications for Leave to Proceed in Forma Pauperis (Docket No. 1). For the reasons set forth below, the applications must be denied, because Plaintiffs have not provided the Court with sufficient financial information to determine whether *in forma papaueris* ("IFP") status is necessary under the circumstances.

## BACKGROUND

Plaintiffs, Dr. David Reff and Phyllis Reff, have filed four separate lawsuits against the Independent School District of Boise City ("Boise School District"): *Dr. David Reff and Phyllis Reff, on behalf of L.R., v. Independent School District,* CV 10-202-S-REB; *Dr. David Reff and Phyllis Reff, on behalf of A.R., v. Independent School District,* CV 10-203-S-REB; *Phyllis Reff, on behalf of L.R., v. Independent School District* CV 10-309-S-REB; and *Phyllis Reff, on behalf of A.R., v. Independent School District* CV 10-365-S-REB. Two of the lawsuits are brought on behalf of minor child, L.R. and two are brought on behalf of minor child, A.R. Plaintiffs seek to proceed IFP in each lawsuit.

**ORDER - 2**

By previous order, the Court consolidated the four cases. *See Order Consolidating Cases* (Docket No. 8). Nonetheless, there are four pending applications to proceed IFP, one in each case.

## ANALYSIS

### A.    In Forma Pauperis Applications

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for IFP status, the plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and  certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

In the instant case, the Plaintiffs filed IFP applications on behalf of their children, indicating that the children are not employed and have no income. The applications are signed by the parents; however, they provide no information regarding their household financial status. Instead, they simply state, "Under IDEA [Individuals with Disabilities

**ORDER - 3**

Education Act, 20 U.S.C. § 1400 *et seq.*], a classified child has a right to Due Process at no cost." *In Forma Pauperis Affidavit Habeas*, p. 1 (Docket No. 1).

Generally, parties must pay a filing fee before proceeding with a lawsuit in federal court. The IFP statute, 28 U.S.C. § 1915(a), provides an exception to this rule that allows indigent parties to proceed without prepayment of fees. The Court is not aware of a separate rule that would allow IDEA plaintiffs to proceed without prepayment of a fee, as Plaintiffs appear to argue.

Moreover, assuming that the IFP statute applies, Plaintiffs have not provided the Court with the information necessary to perform the required statutory analysis. The statute requires an affidavit that provides a sufficient snapshot into the family's household financial status. Where, as here, parents bring a lawsuit (or lawsuits) on behalf of their children, the parents' income is relevant to the indigency analysis. *See, e.g., Zhu v. Countrywide Realty Co.*, 148 F. Supp. 1154, 1156 (D. Kan. 2001); *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984); *Williams v. Spencer*, 455 F.Supp. 205, 208-209 (D. Md. 1978) ("[u]nder U.S.C. § 1915 where leave to proceed in forma pauperis is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation."). Because the Court does not have complete financial information regarding Plaintiffs' household income, the IFP application must be denied without prejudice.

**ORDER - 4**

To the extent Plaintiffs wish to proceed with the IFP application process, they may use the attached form. If they pursue this option, Plaintiffs may file a single, amended IFP application in the lead case, rather than file four separate forms in each of the consolidated cases.

Alternatively, if Plaintiffs believe they are entitle to proceed without prepayment due to a provision excepting IDEA cases from the filing fee requirements, they may provide the Court with the substantive rule upon which they rely. As a third option, Plaintiffs may pay the filing fee associated with each case.

**B.     Parents May Not Represent Their Children's Interests Pro Se**

Plaintiffs may file lawsuits on behalf of their children. In addition, they may represent their own interests *pro se*. However, Plaintiffs may not act as either of their children's attorney if they wish to proceed further with this lawsuit in federal court.

A non-attorney who is representing himself *pro se*, may not bring an action on behalf of a minor child without retaining a lawyer. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding "parent cannot bring a lawsuit on behalf of a minor child without retaining a lawyer"). However, courts have implied an exception for certain limited motions, such as requesting appointment of counsel and in forma pauperis status. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir. 1998); *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3rd Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2nd Cir. 1990).

**ORDER - 5**

Thus, Plaintiffs on behalf of their children may file a second or amended application to proceed IFP. However, to proceed any further with this lawsuit, they need to obtain the assistance of counsel to represent their children's interests.

## CONCLUSION

Plaintiffs have not provided the Court with sufficient information to conduct the required IFP analysis. Therefore, the application to proceed IFP must be denied. However, the denial is without prejudice and Plaintiffs are encouraged to use the attached form to demonstrate that they lack the funds necessary to proceed in federal court without prepayment of a filing fee. In addition, to proceed any further with this lawsuit, Plaintiffs must obtain counsel to represent their children's interests.



DATED: **October 1, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 6**

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, L.R., | Case No.: CV 10-202-S-REB (lead case) |
| Plaintiffs, | **ORDER** |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, A.R., | Case No.: CV 10-203-S-REB |
| PlaintiffS, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |
| PHYLLIS REFF, on behalf of minor child, L.R., | Case No.: CV 10-309-S-REB |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

EXHIBIT

2

| | |
|---|---|
| PHYLLIS REFF, on behalf of minor child, A.R., | Case No.:  CV 10-365-S-REB |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

## BACKGROUND

On October 1, 2010, the Court issued an initial review order denying without prejudice Plaintiffs' Applications for Leave to Proceed in Forma Pauperis (Docket No. 1). The Court found it did not have sufficient financial information to make an in forma pauperis ("IFP") determination.  The Court also informed Plaintiffs that they may not represent their children's interests *pro se*.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding "parent cannot bring a lawsuit on behalf of a minor child without retaining a lawyer").

In response, Plaintiffs sent a letter to the Court with a copy of the United States Supreme Court case, *Winkelman ex. rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007) (*"Winkelman"*) and a five-page document with legal research to support their contention that their children are entitle to a Free Appropriate Public Education ("FAPE") at no cost to the parents under the Individuals with Disabilities Education Act ("IDEA").  The Court considers this response a request for reconsideration provided for in Federal Rule of Civil Procedure 60(b).

**ORDER - 2**

### ANALYSIS

Plaintiffs' request for reconsideration must be denied.  However, to avoid further delay and as discussed further below, the Court will hold a status conference to discuss the most efficient way to manage this case moving forward.

**A.     Proceeding Pro Se Under the IDEA**

The Court is satisfied that its previous order was not in error.  The *Winkelman* case does not address whether the parents may represent their child's interests *pro se*, as Plaintiff appear to be doing here.  *Winkelman*, 550 U.S. at 535 ("In light of our holding we need not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims pro se.").  Rather, *Winkelman* stands for the proposition that parents have their own rights under the IDEA and may represent themselves when appealing a decision regarding their child's education to the federal district court.  *Id.* at 534 ("We conclude IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child.").

Accordingly, Plaintiffs may choose to proceed *pro se* so long as it is clear that they are representing themselves.  Accordingly, unless they hire an attorney to do so, Plaintiffs are not proceeding "on behalf of" their minor children, as the case captions would appear to reflect; they are representing themselves and their rights as parents under IDEA.

**ORDER - 3**

**B.      Filing Fee Required**

Plaintiff's legal research does not persuade the court that the IDEA guarantee of a

FAPE at no cost to parents includes a right to appeal a decision in federal court without

paying the requisite filing fee.  In other words, Plaintiffs' children may have a right to a

free public education, but Plaintiffs do not have the right to appeal a school district's

decision in federal court without paying the filing fee.  There is a distinction between the

obligations of the local schools and the federal courts.  Moreover, the court filing fee

applies in all cases, regardless of the substantive law involved, and can only be waived

when a party demonstrates that it does not have the financial means necessary both to pay

the fee and to provide its household with life's basic necessities.  *See Adkins v. E.I.*

*DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).

**C.      Case Management**

In an effort to avoid further delay in resolving Plaintiffs' substantive claims, the

Court will hold a status conference on November 3, 2010 beginning at 9:00 a.m. at the

United States District Courthouse in Boise, Idaho.  Plaintiffs are required to appear in

person.  Defendants may appear through counsel, who has filed a Notice of Appearance

(Docket No. 5) in this case.

DATED:  **October 21, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 4**

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>  Defendant. | Case No.:  CV 10-202-S-REB (lead case)<br><br><br>**ORDER** |
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, A.R.,<br><br>  PlaintiffS,<br><br>  vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>  Defendant. | Case No.:  CV 10-203-S-REB |
| PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>  Defendant. | Case No.:  CV 10-309-S-REB |

EXHIBIT

3

|  | Case No.: CV 10-365-S-REB |
|---|---|
| PHYLLIS REFF, on behalf of minor child, A.R., | |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

Plaintiffs, who wish to proceed on behalf of their children, have refused to pay a filing fee or provide the Court with information regarding their household income to support a request that the filing fee be waived. Plaintiffs contend that the Individuals with Disabilities Education Act ("IDEA") and related case law allow them to both: (1) proceed *pro se* on behalf of their children's interests and (2) proceed without paying a filing fee in order to ensure their children's rights to a Free and Public Education ("FAPE"). Accordingly, the undersigned finds that the case must be dismissed but cannot do so without the parties' consent to magistrate jurisdiction. Therefore, the case must be reassigned to a district judge.

## BACKGROUND

Plaintiffs, Dr. David Reff and Phyllis Reff, have filed four separate lawsuits against the Independent School District of Boise City ("Boise School District"): *Dr. David Reff and Phyllis Reff, on behalf of L.R., v. Independent School District,* CV 10-202-S-REB; *Dr. David Reff and Phyllis Reff, on behalf of A.R., v. Independent School District,* CV 10-203-S-REB; *Phyllis Reff, on behalf of L.R., v. Independent School District* CV

**ORDER - 2**

10-309-S-REB; and *Phyllis Reff, on behalf of A.R., v. Independent School District* CV 10-

365-S-REB.  Two of the lawsuits are brought on behalf of minor child, L.R. and two are

brought on behalf of minor child, A.R.  Plaintiffs seek to proceed IFP in each lawsuit.

By previous order, the Court consolidated the four cases.  *See Order Consolidating*

*Cases* (Docket No. 8).  The Court then conducted a review of the Plaintiffs' pending

applications to proceed *in forma pauperis* and determined it did not have sufficient

information concerning Plaintiffs' household income to conduct the required inquiry.  *See*

*Order* (Docket No. 9).  The court also concluded that Plaintiffs may represent their own

interests *pro se* but cannot represent the interests of their children.

In response to the Court's Order, Plaintiffs sent the Court a letter expressing their

belief that they have a right to proceed *pro se* on behalf of their children and may proceed

without paying the Court filing fee under the authority of *Winkelman ex. rel. Winkelman*

*v. Parma City School Dist.*, 550 U.S. 516 (2007) ("*Winkelman*").  *See Response* (Docket

No. 10).  The undersigned treated the response as a request for reconsideration and denied

the request.  *Order* (Docket No. 11).  The Court also set a Case Management Conference

for the purpose of resolving the preliminary, pre-service issues so that the Court could get

the case on a proper case management track with the ultimate goal of resolving the

underlying, substantive dispute concerning the Plaintiffs' children's educations.

The Court held a Case Management Conference on November 3, 2010 at 9:00 a.m.

At the Case Management Conference, Plaintiffs indicated to the Court their desire to

proceed *pro se* on behalf of their children.  They also indicated that they would not pay

**ORDER - 3**

the filing fee or provide the Court with financial information so it may conduct an *in forma pauperis* inquiry. Plaintiffs fundamentally disagree with the undersigned's analysis of *Winkelman*.

## ANALYSIS

The undersigned finds that Plaintiffs have rights under the IDEA and may proceed *pro se* on their own behalf to ensure that their children receive a FAPE. *See Winkelman*, 550 U.S. at 531. However, they may not proceed *pro se* on behalf of their children. *See id.* at 535 ("In light of our holding we need to reach petitioner's alternative argument, which concerns whether IDEA entitles parents to litigate their children's claims *pro se*"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding "parent cannot bring a lawsuit on behalf of a minor child without retaining a lawyer").

Moreover, to proceed in this forum, Plaintiffs must either pay the filing fee or provide the Court with household financial information, so it can determine whether *in forma pauperis* status is appropriate. There is no right under the IDEA to appeal a school district's decision in federal court without paying the filing fee.

At the hearing, Plaintiffs stated that they understood that their refusal to pay the filing fee or provide the Court with financial information in support of the *in forma pauperis* applications might result in dismissal of the lawsuit without prejudice. Nonetheless, Plaintiffs have not consented to the jurisdiction of the undersigned United States Magistrate Judge. Accordingly, the undersigned cannot dismiss the case but must have it reassigned to a district judge.

**ORDER - 4**

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that the Clerk of the

Court reassign this case to a district judge.

DATED: **November 4, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 5**

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.:  CV 10-202-S-REB (lead case)<br><br>**ORDER** |
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, A.R.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.:  CV 10-203-S-REB |
| PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.:  CV 10-309-S-REB |



EXHIBIT
4

|  | Case No.: CV 10-365-S-REB |
|---|---|
| PHYLLIS REFF, on behalf of minor child, A.R., | |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

Pending before the Court in the above-entitled matter is the recommended dismissal of the lead case and the consolidated cases for Plaintiffs' failure to retain counsel to represent the interests of Plaintiffs' children and Plaintiff's failure to provide a financial affidavit to support the applications to proceed *in forma pauperis*. The Court has reviewed the record in this matter as well as the case cited by Plaintiffs: *Winkelman ex. Re. Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). The Court adopts the legal analysis of Judge Bush as its own and agrees with Judge Bush's well-reasoned orders that Plaintiffs are not entitled as a matter of right under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., to represent the interests of their children as *pro se* litigants and that Plaintiffs are not allowed as a matter of right under the IDEA to have their federal court filing fees waived. The Court is mindful of the Plaintiffs disagreement with the case law cited by Judge Bush, but this Court finds the arguments of Plaintiffs on these two issues are without merit.

**ORDER - 2**

Plaintiffs are not lawyers licensed to practice in Federal court and they may not represent their children in Federal court as *pro se* litigants.   Dist. Idaho Loc. Civ. R. 83.4 and 83.7.  The IDEA does provide for students to receive a free appropriate public education, but the IDEA does not provide that parents may represent their children in court as *pro se* litigants. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  Nor are filing fees waived for parents challenging IDEA decisions by a school district.  If Plaintiffs' children  prevail on their legal claims, they may be entitled to attorneys fees and costs under the IDEA, but costs of litigation are not waived by the Federal courts for parents filing claims on their children's behalf.

The Court will give Plaintiffs fifteen (15) days from the date of this Order to retain counsel and to provide the Court with financial information to determine if the Plaintiffs should be allowed to proceed *in forma pauperis*.  Failure to retain counsel and to provide the financial information requested or pay the filing fees due in all four civil cases will result in the dismissal of all four actions without prejudice.

So ordered.

DATED:  November 8, 2010

~~Honorable~~ Edward J. Lodge
U. S. District Judge

**ORDER - 3**

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.: CV 10-202-S-EJL (lead case)<br><br>**ORDER** |
| DR. DAVID REFF AND PHYLLIS REFF, on behalf of minor child, A.R.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.: CV 10-203-S-EJL |
| PHYLLIS REFF, on behalf of minor child, L.R.,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY,<br><br>    Defendant. | Case No.: CV 10-309-S-EJL |

**EXHIBIT**

5

tabbies

|  | Case No.: CV 10-365-S-EJL |
|---|---|
| PHYLLIS REFF, on behalf of minor child, A.R., | |
| Plaintiff, | |
| vs. | |
| THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendant. | |

On November 8, 2010, the Court gave Plaintiffs fifteen (15) days to retain counsel and to provide financial information to the Court to determine if the Plaintiffs should be allowed to proceed *in forma pauperis*. Docket No. 14. Plaintiffs were also instructed that failure to retain counsel and to provide the financial information or pay the requisite filing fees for all the civil cases would result in dismissal of all the pending civil cases. *Id.*

On November 18, 2010, Plaintiff Phyliss Reff filed a letter with the Court apparently in response to the Court's November 8, 2010 Order. Docket No. 17. In the letter Ms. Reff re-argues the merits of her claim regarding her children's education and states the children cannot afford an attorney. No financial information has been provided in the letter, just allegations that the children cannot afford an attorney. Ms Reff states she has been unable to retain the services of a pro bono attorney to represent her children. Ms. Reff also questions why a defendant in a criminal case is entitled to an attorney, but her children are not. The simple response is that in a criminal case a defendant is facing losing his or her liberty due to imprisonment and the Constitution provides a indigent criminal defendant is entitled to an attorney under the Fifth Amendment. In a civil action,

**ORDER - 2**

the Constitution does create a right to a court appointed attorney as there is no potential

loss of liberty.

The Court understands Ms. Reff's desire to protect her children and ensure they

are provided a free appropriate education. However, the Court cannot ignore the

procedural rules prohibiting non-attorneys from representing others.

Being fully advised in the premises, the Court finds Plaintiffs have failed to retain

counsel and provide financial information or pay the filing fees as previously ordered by

the Court. Therefore, the Court orders the lead case and all consolidated cases are hereby

DISMISSED WITHOUT PREJUDICE.

DATED:  November 30, 2010

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 3**